# JEREMY F. ORDEN
ATTORNEY-AT-LAW

277 Broadway
Suite 1010
New York, NY 1007
Tel. 212-406-4100

April 16, 2008

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York   10007

                                    RE: United States v.  Philip Adams
                                           07-CR-1149(RJS)

Dear Judge Sullivan:

       I submit this letter on behalf of my client, Philip Adams, with regard to his sentencing. The sentencing is scheduled for tomorrow, Thursday, April 17, 2008. Please accept my apology for the tardiness of this submission.

       Briefly stated, we have no objections to the Presentence Report. Nor do we object to the information presented in the Government's sentencing letter, dated April 10, 2008. However, for the reasons stated below, we are requesting your Honor to sentence Mr. Adams to the time he has already served, or the functional equivalent of a time served sentence. Mr. Adams has been in custody on this matter since his arrest on December 3, 2007, a period of four and one-half months.

       As indicated in the Presentence Report, shortly after Mr. Adams turned 3 years of age, his paternal grandmother assumed the role of his mother. A few years later, when Mr. Adams was 6 or 7 years of age, his paternal grandmother moved Mr. Philips from his native country of Antigua, to the Bronx, New York. From this point in time, Mr. Philip's paternal grandmother was his de facto guardian.  Unfortunately for Mr. Adams however, his grandmother never sought to become his legal guardian. As a result, Mr. Adams, who applied for a "green card" in or about 1989, in hopes of becoming a  United States citizen, was denied that precious opportunity.

Hon. Richard Sullivan, USDJ, SDNY
Re: USA v. Adams, 07-cr-1149
16 April 2008 — page two

      Mr. Philip's inability to become a citizen of the United States is not presented here as an excuse for committing the crime charged. Of course, if Mr. Adams had been a citizen, he wouldn't be guilty of the crime charged.. However, what we believe is of great significance are the collateral consequences which will now result from that inability to become a citizen.

Collateral Consequences:

      Following Mr. Adams' arrest in the instant matter, an immigration detainer was filed. As a result, upon completion of his sentence in this case, he will be turned over to the custody of immigration officials, where he will be detained for several weeks. Following his detention, he will be deported to Antigua, a country he hasn't lived in for more than 25 years.

      His deportation form the only country he truly knows, to a country he barely knows is a great hardship. However, what compounds that hardship will be the separation from those he loves so much, especially his two young children (ages 2, and 3 months respectively).

      None of the collateral consequences described above would have resulted had Mr. Adams naturalized and become a United States citizen. He attempted to become a citizen, by first attempting to obtain a "green Card" in 1989. Unfortunately for him, because of technical matters beyond his control that attempt was thwarted.

The Sentencing Guidelines:

      As indicated in the Presentence Report and in the Government's sentencing letter, the applicable Guideline range in this case is 10-16 months. Furthermore, as indicated in the Presentence Report, pursuant to section 5C1.1(d) of the Guidelines, the minimum term of imprisonment may be satisfied by a sentence of imprisonment with a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment.

      Absent the collateral consequences discussed above, I would be requesting your Honor impose a sentence that at its most severe, would be 5 months imprisonment followed by 5 months of home detention as a condition of supervised release. However, because of the collateral consequences and the practical difficulties in imposing such a sentence, I am requesting your Honor impose a sentence of four and one-half months, without any home confinement.

Hon. Richard Sullivan, USDJ, SDNY
Re: USA v. Adams, 07-cr-1149
16 April 2008 — page three

18 U.S.C. § 3553:

      When examining this case in light of the intent of 18 U.S.C. 3553(a) and the factors presented therein, we submit a sentence of four and one-half months is appropriate.

      Respectfully submitted,

      Jeremy F. Orden